

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred C. Branson
Banking Commissioner
Austin, Texas

Dear Sir:

Opinion No. O-1841
Re: R. C. S., Article 3921 --
Bank charters and amend-
ments -- Fees.

We beg to acknowledge receipt of your letter of
January 11, 1940, requesting an opinion from this depart-
ment in reply to your questions as follows:

"1. Under the provisions of Article
3921 of the Revised Statutes of Texas, what
fees should the Commissioner collect upon the
filing of an amendment which does not increase
the capital stock of the corporation?

"2. Under the provisions of Article
3921, what fees should the Commissioner col-
lect upon the filing of an amendment which
does increase the capital stock"?

The statute cited by you reads as follows:

"The Banking Commissioner shall
charge and receive for the use of the
State the following fees:
For making an investigation of an applica-
tion for the organization of a State Bank,
not to exceed . . . . . . . . . . . . . $50.00

"For each charter, amendment or sup-
plement thereto, of a bank or bank and trust
company, a fee of fifty dollars shall be paid
when said charter is filed, and if the author-
ized capital stock of such corporation exceeds

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

ten thousand dollars, it shall be required
to pay an additional fee of ten dollars
for each additional ten thousand dollars of
its authorized capital stock or fractional
part thereof after the first, provided such
fee shall not exceed twenty-five hundred
dollars."

The precise question presented by you had not
been decided but a very similar fee statute has been con-
strued by the Supreme Court, and the holding in that case
is determinative of the question presented by you.

In St. Louis S. W. Ry. Co. of Texas, v. Tod,
Secretary of State, 64 S. W. 778, Chief Justice Gaines
construed Article 2439 of the statute which provided:

"The secretary of state, besides other
fees that may be prescribed by law, is author-
ized and required to charge for the use of the
state the following fees:
For each and every charter, amendment or
supplement thereto of a private corporatio
created for the purpose of operating or
constructing a railroad, magnetic telegraph
line, or street railway, or express company,
authorized or required by law to be record-
ed in said department, a fee of one hundred
dollars, to be paid when said charter is
filed; provided, that if the authorized
capital stock of said corporation shall
exceed one hundred thousand dollars, it
shall be required to pay an additional fee
of twenty-five dollars for each one hundred
thousand dollars authorized capital stock
or fractional part thereof, after the first."

The Chief Justice mentioned the possible con-
struction of the Article but concluded as follows:

"We conclude that the only reason-
able construction of the statute in question
is that when an amendment to a charter is
filed, if there be an increase of the capital
stock by an amount over $100,000, then the ad-
ditional fee is chargeable upon the excess of
such increase over the amount named, but that,
if the amendment does not authorize an in-

crease of stock, then the fixed fee of $100
only should be charged for its filing."

Applying the decision to your case, it would
follow, that in all cases of amendments of a bank's
charter, which does not involve an increase of the capital
stock the fixed fee of $50.00 should be charged and col-
lected. If, however, the amendment involves an increase
of the capital stock, then in addition to the fixed fee
of $50.00 there should be charged and collected a further
fee for the increase, upon the basis of $10.00 for each
additional $10,000.00 or fractional part thereof of such
increase.

You will accept this opinion in lieu of the one
sent you earlier in the week, which is hereby withdrawn.

Very truly yours

ATTORNEY GENERAL OF TEXAS

(Signed)

By

Ocie Speer
Assistant

OS-MR

Approved Jan. 30, 1940

(Signed)  Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By B. W. B.
Chairman